IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

EDUARDO CAMACHO,

        Defendant.
_____/

CR. NO. S-99-0129 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion, and the applicable law, the court has determined that it may be decided without an evidentiary hearing and without service upon the United States Attorney because the files and the records of the case affirmatively show the factual and legal invalidity of defendant's arguments. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons set forth below, the motion is DENIED.

1

BACKGROUND

Defendant was convicted August 2, 1999, pursuant to his pleas of guilty, of one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and one count of distribution of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. He was sentenced October 18, 1999 to a term of 168 months imprisonment and five years supervised release. His convictions were affirmed by the Ninth Circuit in an unpublished memorandum filed March 17, 2003; however, his sentence was vacated and remanded for re-sentencing.[1] Defendant was re-sentenced July 14, 2003, to a term of 151 months imprisonment and five years supervised release. An amended judgment was filed July 17, 2003. Defendant's appeal from this judgment was rejected and the Ninth Circuit affirmed the sentence in a memorandum filed June 18, 2004.

On January 24, 2005, the United States Supreme Court vacated the Ninth Circuit's June 18th disposition, and remanded to that court for further consideration in light of United States v. Booker, 125 S.Ct. 738 (2005). The Ninth Circuit, in turn, remanded the case to this court November 14, 2005 for the limited

---

[1] Defendant was erroneously assessed a criminal history point for a conviction which occurred more than 10 years prior to commission of the offenses in the instant case. Assessment of the point resulted in a higher criminal category and subjected defendant to a higher sentence, thereby affecting his substantial rights and warranting remand for recalculation of sentence. United States v. Camacho, No. 99-10521 (9th Cir., filed Mar. 17, 2003).

2

purpose of determining whether, in light of the **now** advisory nature of the sentencing guidelines, the district court would have imposed a materially different sentence.  Pursuant to the terms of this Ameline remand, the court solicited written input from counsel.  A hearing was held April 14, 2006 at which the court determined it would have imposed the same sentence of 151 months, had it known the guidelines were advisory.  Defendant's appeal of this decision was rejected and the court's order was affirmed by the Ninth Circuit December 28, 2007.  On July 23, 2008, defendant filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[2]  The court granted defendant's request for 30 additional days to file a supporting memorandum of points and authorities.  A review of the docket shows the defendant was served with the order granting the extension of time on October 7, 2008.  Despite the passage of more than six months, defendant has failed to file any points and authorities in support of his motion.

## DISCUSSION

Lacking points and authorities, defendant's motion consists of three claims listed in the form pleading.  The first two claims cite United States v. Velasco-Heredia, 319 F.3d 1080 (9th Cir. 2003) as their sole basis for support, contending that the effect of that decision would have resulted in a lower sentence

---

[2] The motion was filed in the Central District of California and was transferred to this court August 6, 2008.

3

for defendant, had appellate counsel stayed abreast of the law and had the court not misinformed defendant about the mandatory minimum and statutory maximum sentences for which he was convicted. Defendant's reliance on this case is mistaken.

Velasco-Heredia is a post-Apprendi decision, which held that use of a preponderance standard of proof for determination of drug quantity by the court at sentencing following a jury verdict, if the quantity increases the maximum sentence for an offense, violates Apprendi even if the sentence imposed did not exceed the statutory maximum. Velasco-Heredia, 319 F.3d at 1085. In the instant case a review of the record, including transcripts of the Rule 11 colloquy and judgment and sentencing proceedings, show that defendant pled guilty in August of 1999 (four year prior to the decision in Velasco-Heredia), to drug trafficking crimes in which he admitted being part of a conspiracy to possess with the intent to distribute, and aided and abetted the distribution, of 10 pounds, or 4.4 kilograms, of methamphetamine.

During the plea colloquy, and prior to defendant's admission, he was informed by the court of the mandatory minimum (ten years) and statutory maximum (life) sentences. At sentencing he was told that the guideline range for his offenses was 151 - 188 months. He was ultimately sentenced to 151 months, the low end of the guideline range and well below the statutory

maximum penalty.[3] Suffice it to say that neither <u>Apprendi</u> nor its progeny apply to this case since the quantity of drugs admitted by defendant did not increase the statutory maximum penalty. Moreover, even though the indictment in this case did not plead a specific quantity of drugs, defendant's admission that he possessed a quantity of 10 pounds, satisfies the quantum of proof requirement. Finally, the evidence is clear that defendant was informed by the court of the mandatory minimum and statutory maximum sentences of imprisonment, to which he acknowledged comprehension, thus negating any claim to the contrary.

Defendant's third claim alleges that trial counsel's unfamiliarity with the sentencing guidelines caused defendant to be subject to a criminal history category of IV rather than III, resulting in a higher sentencing range. This claim, like the others, is belied by the record. Defendant's attorney made this same argument at the sentencing proceeding on July 14, 2003, following remand. The claim was rejected by the district court at that time, and was later rejected by the Ninth Circuit in its June 18, 2004 order affirming the sentence.

---

[3] At the initial sentencing proceeding, the guideline range was 168 - 210 months, after which the court imposed a low-end sentence of 168 months. However, as explained earlier, this sentence was later vacated and remanded by the Ninth Circuit because of incorrect calculation of the criminal history category. Accordingly, the sentence at issue in this case is the one imposed following remand, of 151 months.

## CONCLUSION

Based on the foregoing, defendant's motion to vacate, set aside or correct his sentence is DENIED. The Clerk of Court is directed to close companion civil case CV. NO. S-08-1867 EJG.

IT IS SO ORDERED.

Dated: April 20, 2009

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT